UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 08-CV-4591 (JFB) (ARL)
_____

JONATHAN M. COHEN AND HARBOR REALTY ADVISORS, LLC,

Plaintiffs,

VERSUS

LTF REAL ESTATE COMPANY, INC.,

Defendant.

_____

**MEMORANDUM AND ORDER**
May 15, 2009
_____

JOSEPH F. BIANCO, District Judge:

Plaintiffs Jonathan M. Cohen ("Cohen") and Harbor Realty Advisors, LLC ("Harbor") (collectively, "plaintiffs") bring this action in diversity against LTF Real Estate Company, Inc. ("LTF"), asserting the following two claims: (1) breach of a commission agreement in which LTF employed Cohen to locate, negotiate, and consummate a purchase and/or lease transaction of commercial real property in Nassau or Suffolk County, for use as a health club facility to be operated by LTF, a service that plaintiff allegedly performed under the agreement in connection with a commercial real property located at 300 Robbins Lane, Syosset, New York; and (2) *quantum meruit* for services allegedly rendered by Cohen in procuring a ready, willing, and able lessor in connection with the above-referenced property in Suffolk County. Specifically, plaintiffs allege that LTF failed to pay them a fee for a lease LTF signed on March 28, 2008, with respect to the above-referenced property.

LTF now moves to dismiss the complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons that follow, defendant's motion is denied in its entirety.

I. BACKGROUND

A. Facts

The following facts are taken from the complaint ("Compl."), documents attached to the complaint, documents incorporated by reference in the complaint, and documents that were in plaintiffs' possession and/or of which plaintiffs had notice, or relied upon in bringing the instant action, all of which the Court may consider. These facts are not findings of fact by the Court, but rather are

assumed to be true for the purpose of deciding this motion and are construed in a light most favorable to the non-moving party – namely, plaintiffs.

On April 4, 2006, Cohen and LTF entered into a written contract (the "Agreement") by which LTF employed Cohen as a real estate broker to locate, negotiate, and consummate a purchase and/or lease transaction of commercial real property in Nassau and Suffolk Counties. (Compl. ¶ 4.) The Agreement provided for a term of 180 days and for an extended term under the following provision:

> **TERM:** This Agreement shall commence on the effective date and shall remain in full force and effect through the end of one hundred eighty (180) days after the full execution of this Agreement . . . . This Agreement may be extended by [LTF] for two (2) consecutive ninety (90) day periods under the same terms and conditions ("the Expiration Date").

(Rosenberg Aff., Ex. C, ¶ 1.) The Agreement further provided that, after its expiration, Cohen could earn a commission with respect to property considered by LTF if certain conditions were met:

> **E A R N E D C O M P E N S A T I O N / PROTECTION PERIOD:** Compensation hereunder shall be deemed to have been earned with respect to any Property as of the time a closing on a . . . lease has been consummated and the buyer/tenant is entitled to possession. Compensation shall be paid promptly upon . . . term and rent commencement in the case of a lease. In the event Client enters into an agreement within twelve (12) months after the Expiration Date (as may be extended by Client as provided in Paragraph 1 hereof) ("the Protection Period"), with respect to a property that was considered by Client during the term of this Agreement (a "Considered Property"), then compensation shall be due and payable pursuant to the terms of this Agreement to the same extent as if the Agreement was entered into prior to the Expiration Date provided that within ten business (10) days after the Expiration Date a written list of protected properties that includes the Considered Property . . . .

(*Id.* ¶ 16). The Agreement could "be modified only by a writing signed by the parties." (*Id.* ¶ 17.)

Plaintiffs allege that, during the term of the Agreement, Cohen identified a parcel located at 300 Robbins Lane in Syosset, New York (the "Premises"), acquainted LTF with the Premises and referred LTF to the Premises' owner for negotiations. (Compl. ¶¶ 10-11.) Plaintiffs further assert that, well after the initial 180-day term of the Agreement, Cohen continued to render, and LTF continued to accept, services in furtherance of the consummation of a lease transaction with

2

respect to the Premises. (Rosenberg Aff., Ex. E.) In fact, plaintiffs contend that Cohen continued to render services on behalf of LTF through 2007 and up to the execution of the lease between LTF and the Premises' owner on March 28, 2008.[1] (*Id.*) According to the complaint, Cohen was excluded from the final negotiations attendant to the execution of the lease. (Compl. ¶ 24.)

Finally, with respect to the Agreement, it provided the following: "This agreement is with Jonathan M. Cohen, individually, and if Broker is no longer employed by Alrose Group and is employed by another firm, this agreement shall be deemed to be with Broker's new firm." (Rosenberg Aff., Ex. C, ¶ 18.) According to the complaint, on or about July 1, 2006, Cohen began an association with Harbor. (Compl. ¶ 31.)

### B. Procedural History

Plaintiffs filed the instant suit in the Supreme Court of the State of New York, Suffolk County, on September 10, 2008. By notice of removal dated November 12, 2008, defendant removed the action to this Court. On March 3, 2009, defendant moved for judgment on the pleadings. Plaintiffs opposed the motion on April 2, 2009. Defendant filed its reply on April 24, 2009. Oral argument was heard on May 1, 2009. This matter is fully submitted.

## II. STANDARD OF REVIEW

Courts evaluate a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) under the same standard as a motion pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Nicholas v. Goord*, 430 F.3d 652, 658 n.8 (2d Cir. 2005).

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). The plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Court notes that in adjudicating this motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be

---

[1] Plaintiffs also have attached a copy of that lease, which was incorporated by reference in the Complaint, and the lease provides in relevant part that "[t]enant shall pay and be responsible for any commission due to Jonathan M. Cohen of Harbor Realty Advisors under a separate brokerage agreement." (Rosenberg Aff., Ex. D, ¶ 22.10.)

3

taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and vacated in part on other grounds sub nom., Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), *vacated on other grounds*, 547 U.S. 71 (2006); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim"); *Brodeur v. City of New York*, No. 04 Civ. 1859, 2005 U.S. Dist. LEXIS 10865, at *9-*10 (E.D.N.Y. 2005) (court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss). Thus, both sides agree that the Court can consider the Agreement, which is attached to the complaint. Moreover, both sides agree that the Court also can consider the documents attached to plaintiffs' initial disclosure, which includes emails, because plaintiffs knew about and relied upon those documents in bringing the lawsuit.

III. DISCUSSION

A. Breach of Contract

LTF argues that the breach of contract claim must be dismissed as a matter of law because the Agreement between Cohen and LFT had expired before the lease was executed and the conditions precedent for a commission were not satisfied. According to LTF, no plausible breach of contract claim can exist in this case. As set forth below, the Court disagrees.

In exercising its diversity jurisdiction, the Court must "apply the substantive law of the state to which the forum state, New York, would have turned had the suit been filed in state court." *Factors Etc., Inc. v. Pro Arts, Inc.*, 652 F.2d 278, 280 (2d Cir. 1981) (citations omitted). Both sides agree that New York law is applicable to the instant case. To establish a breach of contract claim under New York law, a plaintiff must prove: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996).

LTF argues that plaintiffs' breach of contract claim for failure to pay a commission must be dismissed as a matter of law because Cohen, after the Agreement had expired, failed to satisfy both conditions precedent to his recovery of such a commission. Specifically, defendant argues the following: (1) the contract expired on October 3, 2006; (2) although the Agreement allowed for the right to extend by LTF for up to two consecutive 90 day periods, no such extension occurred; and (3) given the expiration of the Agreement, Cohen was only entitled to a fee under the Agreement if two conditions precedent were satisfied – (a) he provided a written list of protected properties (hereinafter, "Protected Properties List") to LTF containing the Premises on or before October 13, 2006, which was ten days from expiration of the Agreement, and (b) LTF entered into a lease with respect to the Premises on or before October 3, 2007, which was twelve months from the expiration of the Agreement – and neither of these conditions precedent occurred.

In response, plaintiffs dispute that the Agreement expired on October 3, 2006; rather, plaintiffs argue that the Agreement was extended for two consecutive 90-day periods

under the Agreement and, thus, the Agreement expired on or about April 1, 2007. With respect to the extension, plaintiffs rely on various emails in the Initial Disclosure that suggest that Cohen continued to render services to defendants through April of 2007 (and up until March of 2008). Based upon the allegations and the emails, plaintiffs contend that this continuation of the business after October 3, 2006 indicated that the Agreement was extended until April 1, 2007 under the same terms and conditions. *See, e.g., Martin v. Campanaro*, 156 F.2d 127, 129 (2d Cir. 1946) ("When an agreement expires by its terms, if, without more, the parties continue to perform as theretofore, an implication arises that they have mutually assented to a new contract containing the same provisions as the old."); *Local Union 813, Int'l Bhd. of Teamsters v. Waste Mgmt. of N.Y., LLC*, 469 F. Supp. 2d 80, 84-85 (E.D.N.Y. 2007) ("'Where, as here, after the expiration of a contract fixing the reciprocal rights and obligations of the parties, they continue to do business together, the conduct of the parties may at times permit, or even constrain, a finding that the parties impliedly agree that their rights and obligations in connection with such business should continue to be measured as provided in the old contract.'") (quoting *N.Y. Tel. Co. v. Jamestown Tel. Corp.*, 282 N.Y. 365, 371 (N.Y. 1940)); *see also Curreri v. Heritage Prop. Inv. Trust, Inc.*, 852 N.Y.S.2d 278, 281 (N.Y. App. Div. 2008) ("[D]espite the fact the original contract [between the parties] had expired, their conduct evidenced their mutual assent to a new contract embracing the same provisions and terms as their prior contract."). Moreover, plaintiffs contend, regarding the condition precedent relating to a Protected Properties List, that the October 10, 2007 email from plaintiff to LTF constitutes a Protected Properties List (which LTF does not dispute for purposes of its motion) and would fall within 10 days of the expiration of the Agreement if the Agreement was extended.

Accepting the allegations in the complaint as true and drawing all reasonable inferences therefrom in favor of plaintiffs, a plausible breach of contract claim has been asserted that survives a motion to dismiss. The complaint alleges that Cohen "has fully performed all covenants and conditions precedent to be performed on his part under the terms of the Agreement." (Compl ¶ 13.) Although LTF does not believe that there is evidence to support that allegation, there is no basis for dismissing the claim at this juncture as a matter of law. Specifically, although LTF suggests that the emails upon which plaintiffs rely cannot support such a claim, those emails are not dispositive of the legal issue of whether or not the conditions precedent were satisfied and do not render the claim defective as a matter of law.[2] Accordingly, the motion

---

[2] In its reply, LTF contends that the Agreement could not have been extended because the Agreement required that any modification must be in writing and signed by both parties. However, the Agreement itself contains an extension provision and makes no explicit reference to any requirement that *extensions* under the terms of the contract (as opposed to *modifications*) be in writing. Although LTF contends that an extension is *per se* a modification even if the contract has a specific extension clause that makes no reference to such a requirement, the Court has found no New York State case to support such a proposition. All of the New York State cases cited by LTF, which stand for the proposition that oral modifications are invalid when there is a no-oral modification clause, are inapposite because none of them involved the situation here – namely, where there is an extension provision written into the contract and there is no reference that extensions, as opposed to modifications, must be

5

to dismiss the breach of contract claim at the motion to dismiss stage is denied.[3]

---

in writing. In short, the Court finds the contract's language, as to whether a writing is required for an extension under the Agreement, to be ambiguous. Although the Court has found no New York State cases on point as to this issue, the Court notes that courts in New York and other jurisdictions have made this type of distinction in other contexts. *See generally N.Y. Sav. Bank v. Wendell Apartments, Inc.*, 245 N.Y.S.2d 827, 829 (N.Y. Sup. Ct. 1963) ("This result, however, only obtains in the event that the extension agreement can be construed as a modification of the original building loan contract. The agreement merely extended the date for the completion of the project. It did not vary or modify any of the essential terms of the contract with respect to the amount or manner of payment of advances."); *Hunt v. Mahoney*, 187 P.2d 43, 46-47 (Cal. App. 1948) ("The section reads, 'A contract in writing may be *altered* by a contract in writing, or by an executed oral agreement, and not otherwise.' Here the contract was not being altered. On the contrary, the extension was made pursuant to the very terms of the contract itself.").

[3] LTF also argues that Harbor cannot recover under the Agreement as a matter of law because it did not even exist when the Agreement was formed. The Court finds that argument unpersuasive. Under New York law, a contract may be freely assigned in the absence of language which expressly prohibits assignment. *See Allhusen v. Caristo Const. Corp.*, 303 N.Y. 446, 450 (1952); *Sullivan v. Int'l Fid. Ins. Co.*, 465 N.Y.S.2d 235, 236 (N.Y. App. Div. 1983); *Matter of S & L Vending Corp. v. 52 Thompkins Ave. Rest., Inc.*, 274 N.Y.S.2d 697, 698 (N.Y. App. Div. 1966); *see also Melino v. Nat'l Grange Mut. Ins. Co.*, 630 N.Y.S.2d 123, 125 (N.Y. App. Div. 1995). In the instant case, the Agreement explicitly states that, if Cohen is subsequently employed by another firm, the Agreement is "deemed" to be with that new firm. (Rosenberg Aff., Ex. C, ¶ 18.) Thus, because the complaint alleges that Cohen began working for Harbor on

B. *Quantum Meruit*

Defendant further contends that plaintiffs cannot recover in *quantum meruit* as a matter of law because a written agreement governs the parties' dispute. As set forth below, the Court disagrees and concludes that plaintiffs have set forth a plausible *quantum meruit* claim that survives a motion to dismiss.

"In order to recover in quantum meruit under New York law, a claimant must establish '(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services.'" *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) (quoting *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 59, 69 (2d Cir. 2000) (citation and internal quotation marks omitted)); *see also Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 586 (2d Cir. 2006).

In the instant case, the Court finds that plaintiffs have adequately pled, as an alternative theory of liability, a quasi-contract claim. The complaint alleges that: (1) Cohen performed services on behalf of LTF in connection with the procurement of lease transactions for LTF; (2) LTF accepted these services; (3) Cohen had the expectation of compensation for rendering such services; and (4) the reasonable value of such services was "seven percent (7%) of the aggregate Lease payments for the initial three (years) of the Lease and three percent (3%) of the aggregate lease payments for each year of the balance of

---

or about July 1, 2006, Harbor has standing to assert a breach of contract claim under the Agreement.

the initial term of the Lease discounted to a present value." (Compl. ¶¶ 21-26.) Thus, the Court finds that, drawing all reasonable inferences in plaintiffs' favor, plaintiffs have adequately pled a plausible *quantum meruit* claim.

In reaching this decision, the Court finds defendant's arguments unpersuasive. Defendant appears to be suggesting that no *quantum meruit* claim can exist because the subject matter of the dispute is covered by a written contract. The Court notes that, as to plaintiffs' quasi-contract claim, it may only be asserted in the absence of an agreement between the parties – be it oral, written or implied-in-fact. *See, e.g., Beth Israel Med. Ctr.*, 448 F.3d at 586 (citing *Goldman v. Metro. Life Ins. Co.*, 5 N.Y.3d 561, 572 (N.Y. 2005)). Therefore, if this Court were to find, at a later stage of this litigation, that a "valid and enforceable" agreement governed the subject matter at issue in plaintiffs' quasi-contract claim, such claims would be barred, at least to the extent the quasi-contract claim sought recovery for benefits conferred upon defendant during the pendency of an agreement between the parties. *Id.* However, at this stage, there is a bona fide dispute over (1) whether a contract was still in effect after October 2006, and (2) even if the contract expired in October 2006, whether Cohen performed services *after* the expiration of the contract that are not governed by the terms of the contract, which could form the basis of a *quantum meruit* claim.

Given the allegations in the complaint, and the nature of the dispute, there is no basis to decide these issues as a matter of law at the motion to dismiss stage because a plausible *quantum meruit* claim exists. *See Edward S. Gordon Co. v. N.Y. P'ship*, 666 N.Y.S.2d 170, 170 (N.Y. App. Div. 1997) ("The evidence at trial clearly showed that plaintiff broker continued, beyond the contractual termination date of the parties' exclusive right letter agreement, to perform services on behalf of defendants by attempting to procure tenants for the retail space in the latter's hotel, but, as the trial court correctly concluded, did not show that the parties intended to extend the terms of the agreement or otherwise evince the terms of their post-agreement relationship. Given such evidence, the trial court properly refused to award plaintiff contract damages under the letter agreement. On the other hand, given the evidence that plaintiff was responsible for first directing the attention of the tenant to defendants' hotel and expended much effort in bringing the retailer and developer together, the trial court had ample basis for finding that plaintiff was the procuring cause for the lease that was subsequently consummated, and properly awarded it a recovery in quantum meruit.") (citations omitted); *see also Vioni v. Am. Capital Strategies Ltd.*, No. 08 Civ. 2950 (PAC), 2009 WL 174937, at *5 (S.D.N.Y. Jan. 23, 2009) ("In the present matter, the e-mails are clearly sufficient to establish that Defendants (1) retained Vioni to perform a service on their behalf; and (2) recognized their obligation to compensate Vioni, even if the parties had not reached an agreement on what form this compensation would take. This is sufficient to allow Vioni's quantum meruit claims to survive Defendants' motion to dismiss."); *Helmsley-Spear, Inc. v. Westdeutche Landesbank Girozentrale*, 692 F. Supp. 194, 205 (S.D.N.Y. 1988) ("Here, there is no dispute that following the expiration of the Agreement and its extension, at the Banks' request Helmsley-Spear continued to perform services during April, May, June and July 1985 by attending meetings with the Cohen group, negotiating with prospective purchasers, and reporting to the Banks.

7

Therefore, partial summary judgment will be granted to Helmsley-Spear on its claim for quantum meruit and unjust enrichment.").

At this stage, the sole concern is whether plaintiffs have set forth a plausible claim and are therefore entitled to offer evidence as to the claims presented, and not to resolve the merits of plaintiffs' contract or quasi-contract claim. Moreover, where there is a dispute about the existence of a contract, a plaintiff may proceed under both contract and quasi-contract theories of liability. *See Nakamura v. Fujii*, 677 N.Y.S.2d 113, 116 (N.Y. App. Div. 1998) ("[W]here, as here, a bona fide dispute exists as to the existence of the contract, the plaintiff may proceed on both breach of contract and quasi-contract theories."); *see also Premium Fin. and Realty Serv., Inc. v. 233 Broadway Owners, LLC*, No. 17315/04, 2008 WL 3892163, at *9 (N.Y. Sup. Ct. Aug. 18, 2008) ("where the existence of a brokerage contract is in dispute, the broker may proceed on the theories of both breach of contract and quantum meruit/unjust enrichment") (citations omitted). Here, plaintiffs have set forth a plausible *quantum meruit* claim that survives a motion to dismiss.

### IV. CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings is denied in its entirety. The parties shall proceed with discovery forthwith under the individual rules of Magistrate Judge Lindsay.

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated: May 15, 2009
Central Islip, New York

* * *

The attorney for plaintiffs is David I. Rosenberg, Esq., Rosenberg Fortuna & Laitman, LLP, 666 Old Country Rd., Suite 810, Garden City, New York 11530. The attorneys for defendant are Kevin P. Simmons, Adam M. Levy and Andrew Scott Kazin, Esqs., Simmons, Jannace & Stagg, LLP, 75 Jackson Avenue, Syosset, New York 11791.